EASTERN DIST.

*May*, 1838.

ELAM
*vs.*
MORGAN ET UX.

</div>

---

## ELAM *vs.* MORGAN ET UX.

APPEAL FROM, THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR ,THE PARISH OF EAST BATON ROUGE, THE JUDGE THEREOF PRESIDING.

Where it appears by the verdict of the jury, on examination of the evidence, that substantial justice has been done, judgment will not be disturbed.

This is an action to recover from the defendants, the sum of three thousand dollars, as a fee for professional services rendered them in an action of partition in which they were joined, instituted by one Mrs. C. Whitten against E. Selser, and others, for the partition of John Selser's estate.

The pleadings and facts of the case, are sufficiently set out in the opinion of the court, which follows.

The plaintiff excepted to the charge of the court to the jury, as erroneous, and calculated to mislead them.

The jury returned a verdict for the defendants, and from judgment rendered thereon the plaintiff appealed.

*Elam, in propriâ personâ,* insisted on the following points in argument :

1. The affirmance or reversal of the judgment appealed from, depends on the correctness of the charge given by the judge *a quo* to the jury.

2. The law and the evidence being decidedly in favor of the plaintiff, the judge manifestly erred in his charge, whereby the jury were induced to find for the defendants ; hence the judgment should be reversed, and one given for the plaintiff with costs in both courts.

3. The amount of one thousand dollars was not paid until after the inception of this suit ; wherefore, on this point, the plaintiff was entitled to his costs.

*Carleton, J.,* delivered the opinion of the court.

The plaintiff avers, in substance, that he was employed as counsel by defendants, in a suit to which they were parties, instituted in the District Court, in order to effect a partition of a succession, to one third of which they were entitled ; that his compensation was made to depend upon establishing a forfeiture of the portions of the other heirs, by reason of their having embezzled the estate ; that he proved the embezzlement, but obtained judgment for his clients for only the third ; that he appealed to the Supreme Court with their approbation, but that they, nevertheless, caused the appeal to be dismissed without his consent ; that his services were fixed, by agreement, at ten per cent. on the amount that might be recovered, the whole estate being worth thirty thousand dollars.

The defendants admit the agreement to give ten per cent. upon the amount that might be recovered, but aver, that they never wished or intended to recover more than one third of the estate, which was allowed them by the judgment of the District Court ; that the appeal taken by the petitioner, was unwise and endangered their rights ; that they were compelled to employ other counsel to dismiss it, and conclude by averring that they had paid him one thousand dollars, which they allege to be an ample compensation for his services.

There was a verdict and judgment for the defendants, and the plaintiff appealed.

After a careful examination of the testimony coming up with the record, and the points raised in argument by the

Where it appears by the verdict of the jury, on examination of the evidence, that substantial justice has been done, judgment will not be disturbed.

counsel on both sides, it appears to us that substantial justice has been done between the parties, and that it is not our duty to disturb the verdict and judgment rendered below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.